UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAVON TYVELL BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00673-TWP-MPB |
| | ) |
| DAVID LIEBEL, | ) |
| INDIANA DEPT OF CORRECTION, | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion to Reconsider or, Alternatively, Leave to Amend**

This matter is before the Court on Plaintiff Shavon Tyvell Boyd's Motion to Reconsider or in the Alternative Motion for Leave to Amend. (Dkt. 38). For the reasons explained below, the Motion is **denied**.

**I. DISCUSSION**

On June 9, 2022, the Court granted plaintiff motion for leave to amend and screened his second amended complaint. Dkt. 33. The Court allowed Mr. Boyd to proceed with the following claims: (1) individual-capacity claims for monetary damages against defendant David Liebel based on allegations that he violated the First and Fourteenth Amendments when he delayed his approval of Mr. Boyd's request for a kosher diet; (2) individual-capacity claims for monetary damages against David Liebel based on allegations that he violated the First Amendment when he directed that Mr. Boyd not receive Passover-compliant meals and failed to assure that an adequate number of Passover-compliant meals were available in 2022; and (3) individual-capacity claims for monetary damages against defendant Ms. Milburn based on allegations that she violated the First Amendment when she refused to provide Mr. Boyd with Passover-complaint meals in 2022. *Id.* at 11.

The Court also dismissed a number of claims. As relevant here, the Court dismissed individual-capacity claims for monetary damages against Mr. Liebel based on allegations that he violated the First Amendment by failing to provide Mr. Boyd with a kosher diet including kosher meat after Mr. Boyd's transfer to Wabash Valley Correctional Facility ("Wabash Valley"). *Id.* at 9–11. As explained in the Screening Order, Mr. Boyd's second amended complaint did not plausibly allege that Mr. Liebel was personally involved with the denial of kosher meat at Wabash Valley. *Id.* at 10. The Court also dismissed Mr. Boyd's official-capacity claim against Mr. Liebel for an injunction requiring that Mr. Boyd be provided with kosher meals that include meat at least once a day. *Id.* at 10–11. As explained in the Screening Order, Mr. Boyd's second amended complaint did not plausibly allege that the denial of meals including kosher meat "was traceable to Mr. Liebel or anyone at the IDOC, as opposed to, for example, a private vendor running the food service at Wabash Valley." *Id.* at 10. The Court informed Mr. Boyd that he could pursue claims based on the lack of kosher meat at Wabash Valley by filing a new lawsuit after he had exhausted the IDOC's grievance process. *Id.* at 11. Because the Court had dismissed the claims related to the denial of kosher meats at Wabash Valley, the Court also denied Mr. Boyd's motion for preliminary injunction seeking an order requiring that he be provided with a kosher diet that includes kosher meat at least once per day. *Id.* at 12.

Mr. Boyd now asks the Court to reconsider its ruling, stating that he believes the Court erred in finding that he "did not expressly state that David Liebel and Commissioner of IDOC was responsible for Boyd not receiving a kosher diet with kosher meat." Dkt. 38 at 1. He does not point the Court to a portion of his 12-page second amended complaint where he alleged that Mr. Liebel and Commissioner Carter were personally responsible for the fact that he has failed to receive a kosher diet including kosher meat since his transfer to Wabash Valley. Instead, he explains that

"the Court is aware that Commissioner of IDOC and David Liebel are the only person(s) who can provide Boyd a kosher diet containing kosher meat." *Id.* Alternatively, Mr. Boyd asks for leave to amend his complaint to make specific allegations necessary to sustain these claims, noting that he believes he has exhausted his administrative remedies with respect to them. *Id.* at 2.

Mr. Boyd is proceeding *pro se*, and the Court must construe his filings liberally. Nonetheless, to survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As explained in the Screening Order, when stripped of conclusory allegations, Mr. Boyd's second amended complaint alleged the following facts: After a long delay, Mr. Liebel eventually approved Mr. Boyd's request for kosher meals, and for a time, he received meals including kosher meat. Later, though, he was transferred to Wabash Valley, which has a kosher kitchen. Despite this, the kosher meals served at Wabash Valley do not include meat. *See generally* dkt. 33.

These allegations are potentially consistent with Mr. Liebel or Commissioner Carter being responsible for the denial of kosher meats at Wabash Valley, but they are also equally consistent with another obvious explanation—that the private food service contractor for the IDOC (which is referenced in the complaint) chooses not to provide kosher meats at Wabash Valley despite having a kosher kitchen there. Such allegations fail to state a plausible claim for relief and are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) ("[T]he complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief . . . . If the allegations give rise to an obvious alternative explanation, then the complaint may stop short of the line between possibility and

plausibility of entitlement to relief.") (cleaned up)). Accordingly, Mr. Boyd's motion to reconsider (Dkt. 38), is **denied**.

His alternative motion for leave to amend is **denied without prejudice** because he did not submit a proposed amended complaint, as required by Local Rule 15-1. S.D. Ind. Local Rule 15-1(a) (requiring that a motion to amend pleading be accompanied the proposed amended pleading). If Mr. Boyd wishes to amend his complaint again, he may file a motion for leave to amend that is supported by a copy of the proposed amended complaint. Unless and until he is granted leave to amend, this case will proceed on the second amended complaint, dkt. 34, as limited by the Screening Order of June 9, 2022, dkt. 33.

## II.  CONCLUSION

For the foregoing reasons, Mr. Boyd's motion to reconsider, dkt. [38], is **denied**. His alternative motion for leave to amend is **denied without prejudice.**  In addition, the **clerk is directed** to update the docket as follows: (1) **terminate** the Indiana Department of Correction as a defendant; and (2) **add** Ms. Milburn as a defendant. *See* dkt. 33 (Screening Order allowing claims to proceed against Mr. Liebel and Ms. Milburn only).

**IT IS SO ORDERED.**

Date: 7/22/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHAVON TYVELL BOYD
129478
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Diana Lynn Moers
INDIANA ATTORNEY GENERAL
diana.moers@atg.in.gov